```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____

MITCHELL DINNERSTEIN,

              Plaintiff,          Civil No. 13-5598 (NLH/KMW)

v.

BURLINGTON COUNTY COLLEGE,      **MEMORANDUM OPINION
                                    AND ORDER**

              Defendant.

_____

**HILLMAN, District Judge:**

    This matter having come before the Court by way of letter [Doc. No. 9] of Plaintiff pro se, Mitchell Dinnerstein, dated September 16, 2014 asking the Court to reopen his case; and

    IT APPEARING THAT:

    1.  Plaintiff received a Notice of Right to Sue from the United States Equal Employment Opportunity Commission (hereafter, "EEOC") on August 12, 2013, wherein the EEOC stated that it was unable to conclude that Plaintiff's civil rights had been violated.  The Notice stated that Plaintiff must file suit within ninety days of receipt of the Notice.

    2.  Plaintiff filed a complaint on September 18, 2013 alleging a violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq., for employment discrimination based upon religion.

1

3. The Court entered a Notice of Call for Dismissal [Doc. No. 6] on August 22, 2014 which required Plaintiff to submit an affidavit setting forth his good faith efforts to prosecute the case by no later than September 2, 2014.  Plaintiff failed to file an affidavit in accordance with the Notice of Call for Dismissal.

4. On September 3, 2014, the Court issued an Order of Dismissal [Doc. No. 7] based upon Plaintiff's failure to prosecute under Local Civil Rule 41.1.

5. By letter dated September 4, 2014, Plaintiff responded to the Notice of Call for Dismissal, in which he noted that the same issues are also pending before the New Jersey Supreme Court, and he did not believe he would be acting in good faith by "presenting the case in Federal Court, while the case in state court is still going on."  (Letter [Doc. No. 8] 1, Sept. 4, 2014.)

6. It does not appear that Plaintiff received the September 3, 2014 Order dismissing his case when he wrote the September 4, 2014 letter to the Court.

7. Plaintiff wrote another letter to the Court, dated September 16, 2014, in which he acknowledged that he was late in responding to the Notice of Call for Dismissal but states that it was an "error." (Letter [Doc. No. 9] 2, Sept. 16, 2014.) Plaintiff also requested that the Court reopen the case.  (Id.)

2

8.   The Court construes Plaintiff's September 16, 2014 letter as a motion to reopen pursuant to Federal Rule of Civil Procedure 60(b).  Initially, the Court notes that although Plaintiff's complaint was dismissed without prejudice, Rule 60(b) -- which provides the mechanism for relief from a final judgment, order, or proceeding -- is applicable to the September 3, 2014 Order of Dismissal at this time.  "Ordinarily, an order dismissing a complaint without prejudice is not a final order as long as the plaintiff may cure the deficiency and refile the complaint."  Ahmed v. Dragovich, 297 F.3d 201, 207 (3d Cir. 2002).  However, when a complaint is dismissed without prejudice, it is "'treated as if it never existed[,]'" and "the dismissal of a complaint . . . after the statute of limitations has run forecloses the plaintiff's ability to remedy the deficiency underlying the dismissal and refile the complaint." Brennan v. Kulick, 407 F.3d 603, 606 (3d Cir. 2005).

9.   Plaintiff was required to file suit within ninety days of his receipt of the EEOC Notice of Right to Sue, which is dated August 12, 2013.  See 42 U.S.C. § 2000e-5(f)(1). Plaintiff received the Notice of Right to Sue by at least September 18, 2013, as it was attached to his filing with this Court on that date.  At this time, Plaintiff is well beyond the ninety-day time to file suit again and, as such, the Order of

3

Dismissal now constitutes a final order to which Rule 60(b) applies.

  10. Rule 60(b)(1) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect[.]"  Fed. R. Civ. P. 60(b)(1).

  11. In determining whether a party is entitled to relief from dismissal because of "excusable neglect," a court must look at the totality of the circumstances.  See <u>George Harms Constr. Co., Inc. v. Chao</u>, 371 F.3d 156, 163 (3d Cir. 2004).  Courts should consider "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  <u>Pioneer Inv. Servs. v. Brunswick Assocs.</u>, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993); <u>George Harms Constr.</u>, 371 F.3d at 163 (adopting the <u>Pioneer</u> facts).

  12. In addition, a Rule 60(b) motion must be made "within a reasonable time" and "no more than a year after the entry of the judgment or order or the date of the proceeding."  Fed. R. Civ. P. 60(c).  In this case, Plaintiff's request to reopen was

4

filed less than two weeks after entry of the Order of Dismissal. Plaintiff's request was therefore made within a reasonable time.

13.   Additionally, the Pioneer factors support the reopening of this case.  Defendant has not yet appeared in this action and there is no basis to believe that Defendant would be prejudiced by the reopening of this case, given the short lapse of time between the closing of the case on September 3, 2014 and Plaintiff's request to reopen the case on September 16, 2014.[1] Similarly, the length of delay was minimal and has had no impact on the judicial proceedings.  Although Plaintiff provides no explanation for his failure to timely respond to the Notice of Call of Dismissal, he has now responded and has written the Court on three occasions in an effort to prosecute the case.  In fact, although Plaintiff's response to the Notice of Call for Dismissal was late, it appears he attempted to respond before

---

[1] Although Plaintiff states that he served Defendant by sending a copy of the summons via certified mail, it is unclear whether Defendant was properly served in accordance with the Federal Rules of Civil Procedure.  See generally Fed. R. Civ. P. 4.  The Court notes that Defendant is a county college, and the legal status of this entity is not apparent from the record. Therefore, at this time the Court is unable to determine which subsection of Rule 4 governs service of process to evaluate whether Defendant has been properly served.  See, e.g., Fed. R. Civ. P. 4(e), 4(h), and 4(j).  The Court will provide Plaintiff a sixty-day extension of time to effect service of process, so as to provide Plaintiff an opportunity to evaluate whether service was proper and, if it was not, to properly serve Defendant so that this case may proceed on the merits.

5

learning that the case had already been dismissed. The Court also notes Plaintiff's assumption that the case could not proceed until a separate state action became final.[2]

14. Because there is no prejudice to Defendant, the length of delay is minimal and had no impact on the judicial proceedings, and Plaintiff appears to be acting in good faith to prosecute his claims at this time, the Court finds that there was "excusable neglect" in Plaintiff's failure to respond to the Notice of Call for Dismissal. The Court also notes the Third Circuit's preference to decide cases on the merits. Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984) ("[W]e have repeatedly stated our preference that cases be disposed of on the merits whenever practicable."). The Court will therefore grant Plaintiff's request to reopen the case at this time.

ACCORDINGLY, it is on this  14th  day of January, 2015,

**ORDERED** that Plaintiff's letter [Doc. No. 9] dated September 16, 2014, which the Court construes as a motion

---

[2] The Court notes only that Plaintiff believed -- apparently in good faith -- that he could not proceed with this case until the state court proceedings were final. The Court makes no finding as to whether this case could have actually proceeded given the pendency of the state court action. Indeed, the Court is unaware of the nature of the proceedings pending in state court. In any event, the Court notes that the Supreme Court of New Jersey has denied Plaintiff's petition for certification in the state court action, and it therefore appears that any state court proceedings are final at this time. (See "On Petition for Certification" annexed to Letter from Plaintiff [Doc. No. 10], Nov. 19, 2014.)

pursuant to Federal Rule of Civil Procedure 60(b)(1), shall be, and the same hereby is, **GRANTED**; and it is further

   **ORDERED** that Plaintiff's complaint filed on September 18, 2013 shall be reinstated; and it is further

   **ORDERED** that the Court shall grant Plaintiff a sixty (60) day extension of time to serve process in accordance with Federal Rule of Civil Procedure 4; and it is further

   **ORDERED** that Plaintiff's failure to prosecute this case may result in the dismissal of this action pursuant to Local Civil Rule 41.1(a).

                                         s/ Noel L. Hillman
                                         NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey